172 P.3d 555

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Christian F. SCHMOLL, Defendant–Appellant.**

**No. 33349.**

Court of Appeals of Idaho.

Nov. 7, 2007.

Redal and Redal, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Christian F. Schmoll appeals from his judgment of conviction for felony driving under the influence of alcohol, entered upon his conditional guilty plea preserving the right to appeal the denial of his motion *in limine*. We affirm.

## I.

### BACKGROUND

In February 1999, Schmoll was arrested for driving under the influence of alcohol (DUI) in Montana, and thereafter was convicted of a felony DUI in September 1999. This was Schmoll's fourth DUI offense. In Montana, a fourth or subsequent DUI conviction within the defendant's lifetime is automatically a felony. Schmoll had previously been convicted of DUI in Montana in 1998, and had Washington DUI convictions in 1993 and 1994.

Schmoll was arrested in Idaho for DUI in February 2005. He was charged with violating Idaho Code § 18–8004, the provision detailing the offense of driving under the influence. The charge was enhanced to a felony pursuant to section 18–8005(7), which provides that a violation of section 18–8004 may be enhanced to a felony if the defendant has pled guilty to or been found guilty of a felony violation of section 18–8004 or any substantially conforming foreign felony violation within the previous ten years. This enhanced charge was based on the Montana felony conviction from 1999. Schmoll filed a motion *in limine* to strike the felony enhancement, claiming that the Montana conviction did not substantially conform to an Idaho felony conviction, because the 1999 conviction could not have been charged as a felony if brought in Idaho. The district court denied Schmoll's motion *in limine*, finding that the Montana felony was substantially conforming to an Idaho felony. Schmoll then entered a conditional guilty plea, preserving his right to appeal the denial of his motion. This appeal followed.

## II.

### DISCUSSION

On appeal Schmoll raises the issue of whether he can be charged with felony DUI in Idaho when the basis of the enhancement is a prior felony conviction from Montana that would not have been a felony conviction if it would have occurred here in Idaho. This is an issue of first impression in this state; thus an examination of other jurisdictions that have considered the issue is instructive.

The California Court of Appeals considered the issue in *People v. Crane*, 142 Cal. App.4th 425, 48 Cal.Rptr.3d 334, 340 (2006), finding that a Colorado conviction could not be used to enhance Crane's DUI sentence. In California, a foreign conviction could be used for enhancement purposes only if it would be a conviction if committed there. Cal. Veh.Code § 23626 ("A conviction of an offense in any state ... which, if committed in this state, would be a violation of Section 23152 ... is a conviction of Section 23152."). A person would be found to have violated section 23152 if he drove a vehicle while under the influence of any alcoholic beverage or drug, or if he drove a vehicle while having 0.08 percent or more alcohol in his blood. C.V.C. § 23152(a), (b). The court first

looked to Colorado's statute to determine whether it satisfied all of the elements of section 23152. Crane's Colorado conviction was for driving while ability-impaired. *Crane*, 48 Cal.Rptr.3d at 336. This statute prohibited driving a motor vehicle when the person was "affected to the slightest degree." *Id.* at 338. However, California's DUI statute considered a person to be under the influence when a person was impaired to an appreciable degree. *Id.* The elements of the two crimes did not match, so the court next considered the factual circumstances of Crane's Colorado conviction to determine if his conduct would have violated section 23152. Since an adequate factual record of Crane's Colorado conviction was not before the court, it determined that a standard of being affected to the slightest degree was not high enough to render the conduct in Colorado a violation of California's statute requiring an appreciable degree of impairment, regardless of Crane's blood alcohol levels. *Crane* at 340.

The Fourth Circuit compared Maryland and Virginia statutes for enhancement purposes and determined that a prior Maryland conviction could not be used for enhancement purposes in Virginia. *United States v. Thomas*, 367 F.3d 194 (4th Cir.2004). The Virginia statute provided for use of foreign convictions to enhance a charge only if the statute on which the previous conviction is based was substantially similar to Virginia Code § 18.2–266. *Thomas*, 367 F.3d at 197. In Virginia, a person could be guilty of DUI for driving or operating a motor vehicle either with a blood alcohol concentration (BAC) of 0.08 or more, or while under the influence of alcohol. Va.Code Ann. § 18.2–266 (2004). A test result of 0.08 or more created a rebuttable presumption that the person had such concentration while driving and was under the influence while driving. *Thomas*, 367 F.3d at 198.

Maryland prohibited driving under the influence of alcohol and driving under the influence of alcohol *per se*. Md.Code Ann., Transp. § 21–902(a) (2003). Driving under the influence of alcohol *per se* occurred when a person showed a BAC of 0.08 or more at the time of testing. M.C.A. § 11–127.1(a)

(2002). This alternative for conviction did not create a rebuttable presumption that the person was in fact driving under the influence of alcohol, but rather gave rise to an independent conviction merely for having a BAC of 0.08 or more. *Thomas*, 367 F.3d at 198. Although a conviction in Maryland for driving under the influence would constitute a valid prior offense for enhancement purposes in Virginia, a conviction for driving under the influence *per se* would not. *Id.* The standard the court declared itself to be using to compare these two statutes was "substantially similar," but the court applied this standard very narrowly by turning the comparison on the issue of the rebuttable presumption. It was unclear which portion of the Maryland DUI statute served as the basis for the underlying conviction. *Id.* Therefore since Maryland's *per se* violation did not provide for a rebuttable presumption based on the blood alcohol concentration, the Maryland statute was deemed not to be substantially similar to the Virginia statute. *Id.*

The Supreme Court of Nevada, in *Blume v. State*, 112 Nev. 472, 915 P.2d 282 (1996), used a different standard for enhancement based on a foreign conviction. Nevada defined an offense appropriate for enhancement purposes as a prior violation of its own DUI statute or any law which prohibits the same or similar conduct. Nev.Rev.Stat. § 484.3792(8) (1996). A person would be in violation of the Nevada DUI statute if he drove or was in actual physical control of a vehicle while under the influence of intoxicating liquor, having 0.10 percent or more alcohol in his blood, or if he was found within two hours after driving or being in control of the vehicle to have 0.10 percent alcohol in his blood. Nev.Rev.Stat. § 484.379. In order to determine whether Blume's previous California conviction could be used for enhancement purposes, the court compared the elements of driving under the influence in the two states. California also had a prohibition against driving under the influence of intoxicating liquor, and it was for violating this statute that Blume was previously convicted. *Blume*, 915 P.2d at 284. Without looking any further than the statutory language, the court determined that Blume's prior conviction in California was for violating a statute

which prohibited the same or similar conduct as that prohibited in the Nevada statute. *Id.* The differences in the states' statutes on blood alcohol concentration were far less important than the nearly identical language that was present. The court didn't analyze any facts of Blume's prior conviction, nor did it look at either state's penalty provisions.

Montana also has considered the application of other state statutes to its own code. With the broadest inclusionary language for use of previous convictions for enhancement purposes, Montana has included California and Washington convictions, among others, in those accepted by its own courts. *See State v. Polaski,* 325 Mont. 351, 106 P.3d 538 (2005); *State v. Hall,* 321 Mont. 78, 88 P.3d 1273 (2004). A foreign conviction may be used for enhancement purposes if it is for a "violation of a similar statute or regulation in another state." Mont.Code Ann. § 61–8–734(1)(a) (2001). At the time Polaski was facing Montana charges, it was unlawful for a person to drive or be in actual physical control of a vehicle if he was under the influence of alcohol or had a BAC of 0.10 percent or more. M.C.A. §§ 61–8–401(1), –406. Similarly, California prohibited anyone under the influence of an alcoholic beverage or drug from driving a vehicle. *Polaski,* 106 P.3d at 541–42. Montana's statute went on to define a violator as a person whose "ability to safely operate a vehicle has been diminished." M.C.A. § 61–8–401(3). California case law defined when a person is under the influence and required impairment to an appreciable degree. *Polaski,* 106 P.3d at 542. The Montana Supreme Court decided that impairment to an appreciable degree is an equal or greater standard than diminished ability, and therefore found the California statute to be sufficiently similar to its own. *Id.*

When considering whether a Washington conviction could be used in Montana, the court determined that the statutes were sufficiently similar for enhancement purposes. *Hall,* 88 P.3d at 1279–80. Both states prohibited driving under the influence of alcohol and driving with a BAC of 0.10 or more. *Id.* at 1279. Montana broke the two prohibitions into separate code sections, while Washington kept them together as alternative ways to prove the violation. *Id.* at 1279. The court admittedly did not know which portion of Washington's statute served as the basis for Hall's prior conviction. *Id.* at 1279–80. However, under either option, there was a similar corresponding provision in Montana's code. At no point in either case did the Montana court focus on the facts of the prior convictions to determine if the conduct giving rise to the prior convictions would have resulted in a conviction under Montana statutes.

In the instant case, Schmoll was convicted of violating I.C. § 18–8004, which prohibits a person under the influence of alcohol or who has an alcohol concentration of 0.08 or more from driving or being in actual physical control of a motor vehicle upon highways, streets, or property open to the public. An enhancement to a felony is allowed if, within the past ten years, the defendant

> ... has pled guilty to or has been found guilty of a violation of any federal law or law of another state, or any valid county, city, or town ordinance of another state *substantially conforming to the provisions of section 18–8004,* Idaho Code. The determination of whether a foreign criminal violation is substantially conforming is a question of law to be determined by the court.

Idaho Code § 18–8005(8) (emphasis added).

This Court exercises free review over questions of law and the application and construction of statutes. *State v. O'Neill,* 118 Idaho 244, 245, 796 P.2d 121, 122 (1990); *State v. Reyes,* 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct.App.2003). In order to determine if the Montana statute under which Schmoll was previously convicted is substantially conforming to I.C. § 18–8004, the court must first determine which factors to compare and the standard with which to compare them. The legislature expressly provided that the focus of the comparison should be on the elements of the statutes, and not the specific conduct giving rise to the prior violation. *See* I.C. § 18–8005(8). The elements of the violation in each state must substantially conform to each other. The legislature did not define substantial conformity; however, where the language of a statute is plain and unambiguous, this Court must give effect

to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. Substantial conformity does not require exact correspondence between the two statutes. Black's Law Dictionary defines substantially to mean "[e]ssential; without material qualification ... in substance." BLACK'S LAW DICTIONARY 1428 (6th ed.1990). Conformity means "[c]orrespondence in ... use; agreement; harmony; congruity." *Id.* at 300.

█ The Montana statute under which Schmoll was convicted declares that it is "unlawful ... for a person who is under the influence of ... alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public." M.C.A. § 61–8–401(1)(a) (2005). A person is considered to be under the influence in Montana when his "ability to safely operate a vehicle has been diminished." M.C.A. § 61–8–401(3)(a). Diminished in this context means "reduced or to a lesser degree." *Polaski*, 106 P.3d at 542. If BAC tests are performed within a reasonable time after the alleged violation, the results of the test give rise to several inferences. It may be inferred that a person with a concentration of 0.04 or less was not under the influence, while there is no inference for a person with a concentration between 0.04 and 0.08. M.C.A. § 61–8–401(4)(a), (b). If the test reveals a concentration of 0.08 or more, there is a rebuttable inference that the person was in fact under the influence of alcohol when driving. M.C.A. § 61–8–401(4)(c).

Idaho does not provide for inferences based on BAC tests, but a person cannot be prosecuted if his BAC is less than 0.08 unless the prosecutor can also show evidence of drug influence. I.C. § 18–8004(2), (3). Idaho does not consider a BAC of 0.08 or more as merely rebuttable evidence of being under the influence either; it is a *per se* violation of the statute to drive with a BAC of 0.08 or more. I.C. § 18–8004(1)(a).[1] However, this Court has previously defined what it means to be under the influence in Idaho, and it includes impairment of driving ability to the slightest degree; the impairment must be noticeable or perceptible, but does not need to rise to a level where the defendant is incapable of driving safely or prudently. *State v. Andrus*, 118 Idaho 711, 714–15, 800 P.2d 107, 110–11 (Ct.App.1990).

Although Idaho and Montana use the BAC test results differently, they both prohibit the same essential conduct—driving while under the influence of alcohol. Proving that a person is under the influence absent a BAC test requires a greater degree of impairment in Montana than in Idaho, since in Idaho, the ability to drive need only be impaired "to the slightest degree," while in Montana, the ability to drive "safely" is the quality that must be diminished. Impairment to the slightest degree is an equal or lesser standard than the diminished ability to drive safely test used by Montana; thus Montana's higher standard surpasses the elements required for a violation in Idaho. These two statutes frame their prohibitions using the same language, requiring substantially conforming elements to be met to sustain a violation.

Schmoll argues on appeal that his Montana felony conviction cannot conform to an Idaho felony conviction because it would not have been a felony if it had been prosecuted in Idaho. He is essentially asking this Court to adopt California's standard and method for using a foreign conviction for enhancement purposes, with one slight variation. We decline to do so. A foreign conviction is recog-

1. It is possible that a DUI violation in Idaho would not result in a violation in Montana under Idaho's standard because of Montana's rebuttable inference provision. However, a violation in Montana automatically results in a violation in Idaho. This Court is presented with the inverse situation from that presented to the Fourth Circuit in *Thomas*, discussed above. That court determined that the lack of rebuttable presump-

tion in Maryland disqualified the conviction from being used for enhancement purposes in Virginia under a strict substantially similar standard. *United States v. Thomas*, 367 F.3d 194, 198 (4th Cir.2004). In this case the rebuttable inference in Montana does not stop the Idaho court from using the prior conviction for enhancement purposes.

nized in California only if the conduct that violated the foreign statute also violates California's statute. *Crane,* 48 Cal.Rptr.3d at 336–37. Schmoll asks this Court to look at his conduct in terms of the penalty provisions of I.C. § 18–8005. A fourth DUI conviction within a person's lifetime is automatically a felony in Montana. M.C.A. § 61–8–731(1) (2005). In Idaho, when Schmoll was charged, a DUI was enhanced to a felony only if the person had two or more prior violations within five years, or a prior felony violation within ten years. I.C. § 18–8005(5), (7).[2] Only one of the four prior violations that served as a basis for Schmoll's Montana felony occurred within five years of that charge. Therefore it could not have been brought as a felony in Idaho. However Schmoll's argument is misplaced. Idaho Code section 18–8005(8) expressly provides that the comparison is between section 18–8004 and the foreign state statute that was violated. The determination of whether the Montana prohibition of driving under the influence substantially conforms to the Idaho prohibition of driving under the influence is entirely independent from the consideration of whether the violation results in a misdemeanor charge or a felony charge.

Schmoll bases his argument on the language of I.C. § 18–8005(7), which states that a "substantially conforming foreign criminal *felony* violation" can be used for enhancement purposes. I.C. § 18–8005(7) (emphasis added). This phrase was not defined by the legislature, but inserting the word "felony" into "substantially" conforming does not change its plain meaning as defined in section 18–8005(8). Instead it serves to indicate the degree of a substantially conforming foreign criminal violation that can be used to enhance the charge to a felony in Idaho. Just as a prior felony conviction in Idaho gives rise to a second felony charge, a foreign conviction where the elements of the statute are essentially congruous with Idaho's prohibition, and which is punished as a felony, satisfies the requirements for enhancement to a felony charge in Idaho.

## III.

## CONCLUSION

The prohibited act of driving under the influence in Montana substantially conforms to the prohibited act of driving under the influence in Idaho. Thus, the district court correctly denied Schmoll's motion *in limine,* determining that the Montana felony DUI conviction fell within Idaho's DUI enhancement statute, I.C. § 18–8005(8). Accordingly, Schmoll's judgment of conviction for felony DUI is affirmed.

Chief Judge PERRY and Judge LANSING concur.

---

**2.** The Idaho Legislature amended these two sections effective July 1, 2006, by increasing the time limits to ten years and fifteen years, respectively.