**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36775**

| | |
|---|---|
| STATE OF IDAHO, ) | 2010 Unpublished Opinion No. 565A |
| ) | |
| Plaintiff-Respondent, ) | Filed: August 4, 2010 |
| ) | |
| v. ) | Stephen W. Kenyon, Clerk |
| ) | |
| WADE COLLINS, ) | AMENDED OPINION |
| ) | THE COURT'S PRIOR OPINION |
| Defendant-Appellant. ) | DATED JULY 27, 2010 IS HEREBY |
| ) | AMENDED |
| ) | |
| ) | THIS IS AN UNPUBLISHED |
| ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Order of the district court denying motion to dismiss, affirmed.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Wade Collins appeals from his judgment of conviction for failure to register as a sex offender. Idaho Code § 18-8309. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Collins was charged in December 2008, by information, with one count of failure to register as a sex offender. Specifically, Collins was charged, in Ada County, as being an individual required to register as a sex offender who failed to provide the sheriff written notice of a new address within two (2) days after he changed his address or actual residence. The State later filed Part II to the information, asserting that Collins was a persistent violator. Collins filed

1

a motion to dismiss contending that he was not required to register as a sex offender. Collins and the State stipulated to the following facts:

> On September 18, 1987, Defendant was convicted in Washoe County, Nevada, of Battery with Intent to Commit Sexual Assault. Exhibit A. Defendant was sentenced to a term of incarceration in the Nevada State Prison for a period of six (6) years to be served consecutively with a state of Idaho prison term. Id. Defendant was in custody and transported to Idaho to begin serving his prison term on a probation violation in an Ada County case. Defendant was continuously incarcerated in Idaho until his release on January 20, 1994. At that time, he was returned to the state of Nevada to begin serving his prison term on the Washoe County conviction. Defendant was released from Nevada custody on a currently undetermined date in 1997. Thereafter, the defendant returned to the state of Idaho and registered as a sex offender for the first time on August 12, 1997, in Kootenai County.

After the district court denied the motion, Collins entered into a conditional plea of guilty, reserving his right to appeal the denial of his motion to dismiss. This appeal followed.

## II.

## ANALYSIS

Idaho Code § 18-8309(1) states, in relevant part: "If an offender changes address or actual residence, the offender shall provide written notice of the new address within two (2) working days after the change to the sheriff of the county where the offender is required to register." An "offender" is defined as "an individual convicted of an offense listed and described in section 18-8304, Idaho Code, or a substantially similar offense under the laws of another state . . . ." I.C. § 18-8303(8). Idaho Code § 18-8304(1)(a) lists the various Idaho crimes to which the sex offender registration laws apply. The sex offender registration requirements apply to someone who "has been convicted of any crime, an attempt, a solicitation or a conspiracy to commit a crime in another state . . . that is substantially equivalent to the offenses listed in subsection (1)(a) of this section . . . ." I.C. § 18-8304(1)(c). The question in this case is whether the Nevada crime for which Collins was convicted, battery with intent to commit sexual assault, was substantially equivalent to Idaho crimes that require sex offender registration.

Whether a foreign criminal violation is substantially equivalent is a question of law. We exercise free review over questions of law and the application and construction of statutes. *State v. Moore*, 148 Idaho 887, 897, 231 P.3d 532, 542 (Ct. App. 2010). In determining whether a foreign state's driving under the influence (DUI) statute and Idaho's DUI statutes are in

2

"substantial conformity," we have compared the plain language of the statutes. *Id*. at 898, 231 P.3d at 543. The Idaho legislature has not defined "substantially equivalent" or "substantially similar" under the sex offender registration laws. However, like the phrase "substantially conforming," exact correspondence between the Idaho and the foreign statute is not required. *State v. Schmoll*, 144 Idaho 800, 804, 172 P.3d 555, 559 (Ct. App. 2007). The term "substantially" has been determined to mean "[e]ssential; without material qualification . . . in substance." *Id.*, citing BLACK'S LAW DICTIONARY 1428 (6th ed. 1990).

Collins was convicted in Nevada of battery with intent to commit sexual assault. The applicable Nevada statute defined battery as "any willful and unlawful use of force or violence upon the person of another." N.R.S. § 200.400 (1987). Idaho has the same definition of battery. I.C. § 18-903. The Nevada sexual assault statute under which Collins was convicted stated:

> A person who subjects another person to sexual penetration, or who forces another to make a sexual penetration on himself or another, or on a beast, against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct, is guilty of sexual assault.

N.R.S. § 200.366(1) (1987). Collins was required to register in Idaho if the Nevada crime was substantially similar to those listed in I.C. § 18-8304(1)(a). The district court held that Idaho's battery with intent to commit a serious felony, I.C. § 18-911, was substantially equivalent to Collins' Nevada conviction. Battery with intent to commit a serious felony in Idaho is among those offenses listed in I.C. § 18-8304(1)(a). Idaho Code § 18-911 reads: "Any battery committed with the intent to commit murder, rape, the infamous crime against nature, mayhem, robbery or lewd and lascivious conduct with a minor child is a battery with the intent to commit a serious felony." In Idaho, a person convicted of this offense must register as a sex offender unless the felony intended was murder, mayhem or robbery. I.C. § 18-8304(1)(a).

Collins contends that sexual assault under the Nevada statute was not substantially equivalent to Idaho's statutes for rape, the infamous crime against nature, and lewd conduct with a minor, referenced in I.C. § 18-911. First, he asserts that Nevada's definition of sexual penetration may include rape of a person of either gender, whereas Idaho's definition of rape,

3

I.C. § 18-6101, only provides for male against female rape.[1] Thus, he argues, Nevada's statute is broader than Idaho's statute. Second, Collins claims that battery with intent to commit the infamous crime against nature is not substantially equivalent to the Nevada statute. The Idaho law provides that "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years." I.C. § 18-6605. Collins concludes that, since the statute provides no elements for the crime, and we have said that we compare only the plain language of the statutes, it cannot be said that the crimes are substantially equivalent.

We have recently rejected Collins' first argument in the context of comparing statutes for "substantial conformity" under the DUI laws. We held that we were not required to imagine all conceivable conduct that may be committed by a hypothetical defendant to compare what conduct may or may not be criminalized under each statute. *Moore*, 148 Idaho at 898, 231 P.3d at 543. Specifically, we rejected the contention that, to be "substantially conforming," the foreign state's statute may never encompass conduct that would not be illegal in Idaho, i.e., broader than Idaho's law. We noted that such a strict interpretation would run counter to the legislature's clear intent in using the term "substantially conforming," as opposed to a dictate that the statutes be exactly the same. *Id*. The same analysis applies here to the question of "substantially equivalent" statutes.

Idaho Code § 18-8304(1)(c) provides that the foreign conviction be "substantially equivalent to the *offenses* listed in subsection 1(a) of this section . . . ." (emphasis added). Consistent with our approach in *Moore* and *Schmoll*, exact matching of the elements is not required. As we stated in *Moore*, the question is whether the statutes prohibit the "same essential conduct." *Moore*, 148 Idaho at 898, 231 P.3d at 543. We conclude that the Nevada and Idaho statutes prohibit the same essential conduct and are substantially equivalent, though not necessarily identical. Sexually based battery is encompassed in N.R.S. § 200.400 and § 200.366 as well as I.C. § 18-903 and § 18-911, which includes the sexual crimes of rape, I.C. § 18-6101, the infamous crime against nature, I.C. § 18-6605 and § 18-6606, and lewd and lascivious conduct with a minor child, I.C. § 18-1508. These statutes, considered together, prohibit sexual conduct including penetration, use of force, overbearing a victim's will, the victim's incapacity

---

[1] Collins does not claim that the Nevada and Idaho statutes are materially different in defining the acts which constitute rape.

4

to resist, and sexual contact with children and animals. The essential elements of Nevada's sexual assault statute are encompassed within Idaho's statutes.

## III.

## CONCLUSION

Collins was convicted in Nevada of battery with intent to commit sexual assault. The Nevada crime was substantially equivalent to offenses provided under Idaho's battery with intent to commit a serious felony statute. Thus, Collins was required to register under Idaho's sex offender registration statutes. The district court correctly denied Collins' motion to dismiss. Therefore, Collins' judgment of conviction and sentence are affirmed.

Judge GUTIERREZ and Judge MELANSON, **CONCUR.**