IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39523

| ALBERT RAY MOORE, | ) | 2013 Unpublished Opinion No. 445 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 15, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael R. McLaughlin, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Albert Ray Moore appeals from the district court's order summarily dismissing his petition for post-conviction relief.  Moore asserts the district court erred because he raised a genuine issue of material fact in his various claims of ineffective assistance of counsel.  For the reasons set forth below, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In North Dakota, Moore pled guilty to being in actual physical control of a vehicle while under the influence of intoxicating liquor.  Then in Idaho, Moore was arrested for driving under the influence (DUI) in September 2006 (the first case) and April 2007 (the second case).  Each arrest led to Moore being convicted of felony DUI.  In both cases, Moore argued that his prior conviction in North Dakota could not be used to enhance the Idaho DUI charges to felonies. Moore pled guilty in the first case, while preserving for appeal his claim that the North Dakota

1

conviction could not be used to enhance the DUI conviction in Idaho. In the second case, Moore proceeded to trial and was convicted of DUI. Moore appealed in both cases.

The two appeals were consolidated and addressed by this Court in *State v. Moore*, 148 Idaho 887, 231 P.3d 532 (Ct. App. 2010). We affirmed the district court's determination that the North Dakota conviction was "substantially conforming" and that Moore had not shown that conviction to be constitutionally defective. This Court rejected the challenges to the use of the North Dakota conviction that Moore had made before the district court. However, we also vacated the judgment of conviction in his other DUI case because the documentary evidence of the North Dakota conviction was not properly authenticated and, therefore, had been wrongly admitted at trial. *Id.* at 892-99, 231 P.3d at 537-44.

On remand, the district court determined that the reservations in Moore's conditional guilty plea were not as broad as Moore contended, in that he did not reserve a right to relief from his guilty plea if the Court of Appeals found evidentiary trial error in the other case. The district court entered an amended judgment of conviction and later entered a second amended judgment of conviction to correct the sentence. Moore appealed from his second amended judgment of conviction and we affirmed. *See State v. Moore*, 152 Idaho 203, 204-06, 268 P.3d 471, 472-74 (Ct. App. 2011).

Thereafter, Moore filed a petition for post-conviction relief asserting claims in relation to the second case in which he went to trial. The district court summarily dismissed Moore's petition. Moore timely appealed and we affirmed. *See Moore v. State*, Docket No. 38591 (Ct. App. Sept. 17, 2012) (unpublished).

Moore then filed the present post-conviction action relative to the case in which he pled guilty. Moore was appointed counsel and an amended petition was filed. The amended petition raised seven claims for relief. One claim was later withdrawn, while five of the remaining claims were summarily dismissed. The issue of whether trial counsel was ineffective for failing to file a notice of appeal was dismissed by the district court after an evidentiary hearing. Moore only appeals the five claims that were summarily dismissed by the district court.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d

476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

3

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Moore claims that he raised a genuine issue of material fact as to whether counsel's failure to obtain and present the transcript of the guilty plea and sentencing in the North Dakota case fell below an objective standard of reasonableness and was prejudicial.[1] The purpose of presenting the transcript, according to Moore, would have been to illustrate "the factual basis for the North Dakota conviction would not amount to the factual basis for a crime in Idaho." However, this Court has already determined that the factual basis of the foreign conviction is not relevant because a court will look only to the elements of the statute. *Moore*, 148 Idaho at 898, 231 P.3d at 543; *State v. Schmoll*, 144 Idaho 800, 804, 172 P.3d 555, 559 (Ct. App. 2007). Counsel cannot be ineffective for failing to obtain or present irrelevant information under the proposed theory of law. Moore's ineffective assistance of counsel claim must fail because he

---

[1]     In his appellant's brief, Moore does not individually argue the five claims that were summarily dismissed. Instead, Moore only addresses his trial counsel's performance in regard to obtaining and presenting the North Dakota transcript. Therefore, summary dismissal of Moore's claims is affirmed insofar as the claims do not pertain to the assertion that his counsel was ineffective for failing to obtain and present the North Dakota transcript.

cannot demonstrate his counsel provided deficient performance, or that the deficiency caused him prejudice.

Moore also argues, in his reply brief, that *Schmoll* was not the precedent established at the time he was charged with felony DUI. Moore contends that "[p]rior to *Schmoll*, no case existed in Idaho to guide the determination of what constitutes a substantially conforming foreign conviction." Moore further argues that his counsel failed to argue that his conduct in North Dakota would not have been a crime in Idaho.

We find Moore's arguments to be unpersuasive. As noted, an ineffective assistance of counsel claim first examines counsel's performance. By the time Moore's second case went to trial, the *Schmoll* decision had been issued by this Court. Counsel's decision not to introduce the North Dakota transcript was properly made in light of the determination in *Schmoll* that the focus of the comparison of statutes should be on the statutory elements, not the specific conduct giving rise to the prior violation. Moreover, Moore essentially speculates that had counsel presented the transcript and obtained a decision before *Schmoll*, the court would have decided the matter in a manner different from this Court's analysis in *Schmoll*. This assumption is without basis.

Additionally, even without the transcript, Moore's trial counsel argued that the North Dakota statute was not substantially conforming to the Idaho DUI statute because Idaho does not differentiate between the act of driving and being in actual physical control, whereas North Dakota created such a distinction. *See Moore*, 148 Idaho at 541-42, 231 P.3d at 896-97. Moore asserts that counsel was ineffective for failing to support the argument with the transcript, but makes no showing how the transcript would have made a difference.

## III.

## CONCLUSION

We conclude Moore failed to raise any issue of genuine fact in his post-conviction petition and, accordingly, the district court did not err in granting the State's motion for summary dismissal. Therefore, we affirm the order dismissing Moore's petition for post-conviction relief.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**