# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44043

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 742 |
| | ) |
| Plaintiff-Respondent, | ) Filed: October 20, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| GEORGE ALBERT SHUCK, JR., | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

George Albert Shuck, Jr. appeals from his judgment of conviction for felony driving while under the influence of alcohol (DUI). Specifically, Shuck asserts that the district court erred in denying his motion in limine seeking to exclude a prior DUI offense. For the reasons set forth below, we affirm.

Shuck was charged with felony DUI, based on prior DUI convictions. I.C. §§ 18-8004 and 18-8005(6). One of Shuck's prior convictions was under an Arizona DUI statute. The prior Arizona conviction was enhanced pursuant to an Arizona statute allowing a felony enhancement where the accused was driving with a suspended license. Idaho does not have a corresponding enhancement.

1

Pursuant to I.C. § 18-8005(6), a conviction under I.C. § 18-8004(1)(a), (b), or (c) is enhanced to a felony where the defendant had two or more prior DUI convictions within ten years. Specifically, two prior violations of a foreign statute substantially conforming to I.C. § 18-8004(1)(a), (b), or (c) cause a conviction under I.C. § 18-8004 to be a felony. Whether a foreign statute is substantially conforming is a question of law to be determined by the court. I.C. § 18-8005(8). Likewise, the construction and application of a statute is a question of law over which this Court exercises free review. *State v. Shock*, 133 Idaho 753, 755, 992 P.2d 202, 204 (Ct. App. 1999).

On appeal, Shuck asserts that his Arizona DUI conviction cannot be the basis for a felony enhancement in Idaho because the applicable Arizona statute is not substantially conforming to I.C. § 18-8004. Specifically, Shuck asserts the Arizona enhancement statute is not substantially conforming because there is no corresponding offense in Idaho's statutory scheme. Shuck makes his assertion mindful of this Court's holding in *State v. Schmoll*, 144 Idaho 800, 172 P.3d 555 (Ct. App. 2007). In *Schmoll*, we specifically held that I.C. § 18-8005(8) expressly provides that the comparison is between I.C. § 18-8004 and the foreign state statute for the corresponding DUI offense, not the enhancement. *Schmoll*, 144 Idaho at 805, 172 P.3d at 560. Accordingly, the determination of whether the Arizona DUI statute is substantially conforming to the Idaho DUI statute is independent from the consideration of whether the violation results in a misdemeanor or felony charge. It only matters whether the Arizona DUI statute is substantially conforming to the Idaho DUI statute.

In determining whether a foreign statute is substantially conforming to I.C. § 18-8004, the focus is the actual elements of the crime. *State v. Moore*, 148 Idaho 887, 898, 231 P.3d 532, 543 (Ct. App. 2010). Where a foreign statute prohibits the same essential conduct as I.C. § 18-8004, it is substantially conforming. *Moore*, 148 Idaho at 898, 231 P.3d at 543. Here, the Idaho and Arizona statutes prohibit the same conduct and use substantially similar language.[1]

---

[1]     The Arizona DUI statute makes it unlawful for a person to: (1) operate a motor vehicle; (2) in the state; and (3) with a BAC of .08 or above within two hours of driving or being in actual physical control of the vehicle and the alcohol concentration results from alcohol consumed either before or while driving or being in actual physical control of the vehicle. Ariz. Rev. Stat. Ann. § 28-1383(A)(1) (2016). The Idaho DUI statute makes it unlawful to: (1) drive or be in actual physical control of a vehicle; (2) in the state; (3) upon a highway, street or bridge or upon

The only difference between the Idaho and Arizona statutes is that the Arizona statute has a two-hour time limit and a requirement that the accused must have consumed the alcohol prior to driving. These distinctions are the same distinctions this Court analyzed between the Idaho and North Dakota statutes in *Moore*, where we determined the foreign statute was substantially conforming. Thus, the Arizona statute prohibiting driving under the influence is substantially conforming to I.C. § 18-8004. Accordingly, the Arizona DUI was a proper basis for an enhancement under I.C. § 18-8005(6), and the district court did not err in denying Shuck's motion in limine. Shuck's judgment of conviction for felony DUI is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.

---

public or private property open to the public; and (4) while having an alcohol concentration of .08 or more. I.C. § 18-8004.