**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40135**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Opinion No. 60 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 12, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUAN L. JUAREZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant. Spencer J. Hahn argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

_____

SCHWARTZMAN, Judge Pro Tem

Juan L. Juarez appeals from his judgment of conviction for felony driving under the influence. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Juarez was charged by information with driving under the influence (DUI) pursuant to Idaho Code § 18-8004(1)(a).[1] Pursuant to Idaho Code § 18-8005(6), the charge was enhanced to a felony based on the allegation that Juarez had twice been convicted in the preceding ten years of "substantially conforming foreign criminal [DUI] violation[s]," once in Nevada and once in California. Juarez waived his right to a jury trial. The State filed a motion in limine, seeking a

_____

[1] Juarez was also charged with two other misdemeanors, driving without privileges and possessing an open container, which were subsequently dismissed upon the State's motion.

1

ruling on whether Juarez's Nevada and California DUI convictions qualified as substantially conforming violations that could be utilized to enhance the charge. While the motion was pending, Juarez pled guilty to misdemeanor DUI, but requested a trial on the felony enhancement. He only objected to the use of the Nevada conviction, arguing it was not substantially conforming to Idaho's DUI statute. The district court ruled otherwise and found the Nevada statute could be used for enhancement purposes. Following a bench trial, the district court found Juarez guilty of the felony enhancement and imposed a unified sentence of five years, with three years determinate, but suspended the sentence and placed Juarez on probation for three years. Juarez now appeals.

## II.

## ANALYSIS

Juarez contends the district court erred by concluding Nevada's DUI statute was a substantially conforming foreign criminal violation pursuant to subsections (6) and (10) of section 18-8005. In Idaho, a charge under section 18-8004 for operating a motor vehicle while under the influence of alcohol and/or drugs may be enhanced to a felony pursuant to subsection (6) of section 18-8005, which provides, in pertinent part:

> Except as provided in section 18-8004C, Idaho Code, any person who pleads guilty to or is found guilty of a violation of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, who previously has been found guilty of or has pled guilty to two (2) or more violations of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, *or any substantially conforming foreign criminal violation*, or any combination thereof, within ten (10) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony[.]

(Emphasis added.) Subsection (10) of section 18-8005 further provides in relevant part:

> For the purpose of subsections (4), (6) and (9) of this section . . . a substantially conforming foreign criminal violation exists when a person has pled guilty to or has been found guilty of a violation of any federal law or law of another state . . . substantially conforming to the provisions of section 18-8004, Idaho Code.

Whether a foreign criminal violation is substantially conforming is a question of law to be determined by the court. I.C. § 18-8005(10). In addition, the construction and application of a statute is also a question of law. *State v. Moore*, 148 Idaho 887, 897, 231 P.3d 532, 542 (Ct. App. 2010); *State v. Shock*, 133 Idaho 753, 755, 992 P.2d 202, 204 (Ct. App. 1999). As such, we

exercise free review over the district court's determination on this issue. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990); *Moore*, 148 Idaho at 897, 231 P.3d at 542.

In *State v. Schmoll*, 144 Idaho 800, 172 P.3d 555 (Ct. App. 2007), this Court discussed what factors should be compared and the standard with which to compare them in determining whether a foreign statute is substantially conforming pursuant to section 18-8005(6). We concluded the statutory scheme dictates that the focus of the comparison between statutes should be on the elements of the statutes and not the specific conduct giving rise to the prior violation. *Schmoll*, 144 Idaho at 803, 172 P.3d at 558. We also noted that substantial conformity does not require exact correspondence between the two statutes: "Black's Law Dictionary defines substantially to mean '[e]ssential; without material qualification . . . in substance.' Conformity means '[c]orrespondence in . . . use; agreement; harmony; congruity.'" *Id.* at 804, 172 P.3d at 559 (citations omitted). *Accord Moore*, 148 Idaho at 898-99, 231 P.3d at 543-44 (applying *Schmoll* to determine whether North Dakota's DUI statute was substantially conforming to Idaho's statute).

In relevant part, section 18-8004, under which Juarez was charged, states:

(1)(a) It is unlawful for any person who is under the influence of alcohol . . . or who has an alcohol concentration of 0.08, as defined in subsection (4) of this section, or more, as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.
. . . .
(2) Any person having an alcohol concentration of less than 0.08, as defined in subsection (4) of this section, as shown by analysis of his blood, urine, or breath, by a test requested by a police officer shall not be prosecuted for driving under the influence of alcohol, except as provided in subsection (3), subsection (1)(b) or subsection (1)(d) of this section. Any person who does not take a test to determine alcohol concentration or whose test result is determined by the court to be unreliable or inadmissible against him, may be prosecuted for driving or being in actual physical control of a motor vehicle while under the influence of alcohol, drugs, or any other intoxicating substances, on other competent evidence.
(3) If the results of the test requested by a police officer show a person's alcohol concentration of less than 0.08, as defined in subsection (4) of this section, such fact may be considered with other competent evidence of drug use other than alcohol in determining the guilt or innocence of the defendant.

The Nevada statute upon which Juarez's previous conviction was based, Nevada Revised Statute § 484.379, stated:[2]

> 1. It is unlawful for any person who:
> (a) Is under the influence of intoxicating liquor;
> (b) Has a concentration of alcohol of 0.08 or more in his blood or breath; or
> (c) Is found by measurement within 2 hours after driving or being in actual physical control of a vehicle to have a concentration of alcohol of 0.08 or more in his or her blood or breath, to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access.
> . . . .
> 4. If consumption is proven by a preponderance of the evidence, it is an affirmative defense under paragraph (c) of subsection 1 that the defendant consumed a sufficient quantity of alcohol after driving or being in actual physical control of the vehicle, and before his or her blood or breath was tested, to cause the defendant to have a concentration of alcohol of 0.08 or more in his or her blood or breath. A defendant who intends to offer this defense at a trial or preliminary hearing must, not less than 14 days before the trial or hearing or at such other time as the court may direct, file and serve on the prosecuting attorney a written notice of that intent.

On appeal, Juarez contends the two statutes are not substantially conforming because there are two glaring differences in the elements of the Idaho and Nevada statutes--namely, that the Nevada statute criminalizes conduct that Idaho's statute does not and that the Nevada statute does not include an implied element contained within the Idaho statute. As to the former, Juarez contends that in addition to it being unlawful to drive while under the influence of alcohol or with an alcohol concentration of 0.08 or greater, Nevada Revised Statutes § 484.379(1)(c) provides it is also unlawful to have an alcohol concentration of 0.08 or greater within two hours of driving, irrespective of whether the person's alcohol concentration was below 0.08 at the time of driving. By contrast, he argues, Idaho's statute only criminalizes the act of driving a vehicle while under the influence of alcohol as shown by an alcohol concentration of 0.08 or greater or by evidence of being under the influence. Juarez notes that in *Schmoll*, we concluded the Montana statute at issue was substantially conforming because it and the Idaho DUI statute "prohibit the same essential conduct--driving while under the influence of alcohol." *Schmoll*, 144 Idaho at 804, 172 P.3d at 559. Here, Juarez argues, the plain language of the Nevada statute prohibits different conduct than Idaho's statute--namely, "driving *followed by* a blood alcohol

---

[2]    The statute has since been renumbered as Nevada Revised Statute § 484C.110.

4

concentration of 0.08 or greater *within two hours of driving*"--and is therefore not substantially conforming. The district court rejected this argument, determining that although Nevada's statute "encompasses conduct that might not be illegal in Idaho," this fact did not prevent it from being substantially conforming pursuant to the analysis set forth in *Schmoll* and its progeny.

Although the statutes are phrased differently, they are not as substantively disparate as Juarez argues. In regard to a per se violation under section 18-8004(1)(a), the criminal act is having an "alcohol concentration of 0.08 . . . or more, as shown by analysis of his blood, urine, or breath." Our Supreme Court has held that when prosecuting under this theory, it is *not* necessary to extrapolate the test results back to the time the defendant was driving. *State v. Robinett*, 141 Idaho 110, 113, 106 P.3d 436, 439 (2005). *Accord Elias-Cruz v. Idaho Dep't of Transp.*, 153 Idaho 200, 203, 280 P.3d 703, 706 (2012); *State v. Stutliff*, 97 Idaho 523, 547 P.2d 1128 (1976). Thus, it is a person's alcohol concentration *at the time of the test* that is the question when the State proceeds under the per se theory of DUI. *See Robinett*, 141 Idaho at 113, 106 P.3d at 439. In this sense, Idaho's statute largely mirrors the substantive essence of Nevada Revised Statutes § 484.379(1)(c); Idaho's statute also provides that it is the person's alcohol concentration at the time of the test, taken after driving or being in actual physical control, that comprises a prima facie violation. That Nevada's statute imposes a two-hour window in which testing must take place is not a substantive difference. As the State points out, Nevada's cap actually places a higher burden on the State than imposed by section 18-8004, which contains no such timeframe.[3] *See Schmoll*, 144 Idaho at 804, 172 P.3d at 559 (noting the Montana DUI statute's higher standard surpasses the elements required for a violation in Idaho). For these reasons, the provision in subsection (1)(c) of the Nevada statute does not render it a nonsubstantially conforming statute for the purposes of section 18-8005(6).[4]

---

[3]     Although Idaho Code § 18-8004 does not impose a timeframe in which the alcohol concentration test must be taken, the Supreme Court has noted that any "'lapse of time prior to the extraction of samples goes to the weight to be afforded the test results . . . .'" *State v. Robinett*, 141 Idaho 110, 113, 106 P.3d 436, 439 (2005) (quoting *State v. Stutliff*, 97 Idaho 523, 524, 547 P.2d 1128, 1129 (1976)).

[4]     We note that many state DUI statutes have provisions similar to Nevada Revised Statutes § 484.379(1)(c) that criminalize a certain alcohol concentration level from a test taken within two hours of driving. *See, e.g.*, ARIZ. REV. STAT. ANN. § 28-1381; COLO. REV. STAT. § 42-4-1301; KY. REV. STAT. ANN. § 189A.010; MINN. STAT. § 169A.20; N.D. CENT. CODE

The second consequential difference, Juarez argues, is that the Nevada statute allows for a person, whose alcohol concentration tests below 0.08, to be prosecuted for DUI, but under Idaho law, the State is prohibited from prosecuting a person who tests below 0.08. Therefore, an "implied element" of Idaho's DUI statute is that the person's alcohol concentration, when it has been established by a reliable test, must have been 0.08 or above, regardless of whether the crime was charged as a per se violation or under the actual impairment language of the statute. He points out this necessarily excludes from the definition of "under the influence" in Idaho's DUI statute a person who has an alcohol concentration of less than 0.08 as shown by a reliable and admissible test. This element, Juarez asserts, is missing from the Nevada DUI statute and, therefore, it is not substantially conforming to Idaho's DUI statute.

Again, Juarez's argument is unavailing. Neither of the foreign DUI statutes addressed in *Schmoll* and *Moore*, which we ultimately found to be substantially conforming, prohibited the prosecution of a party whose alcohol concentration registered less than 0.08 in a reliable test. In fact, the Montana DUI statute addressed in *Schmoll* specifically alluded to the usage of test results lower than 0.08:

> (a) If there was at that time an alcohol concentration of 0.04 or less, it may be inferred that the person was not under the influence of alcohol.
> (b) If there was at that time an alcohol concentration in excess of 0.04 but less than 0.08, that fact may not give rise to any inference that the person was or was not under the influence of alcohol, but the fact may be considered with other competent evidence in determining the guilt or innocence of the person.

MONT. CODE ANN. § 61-8-401(4).[5] We noted the existence of these inferences in *Schmoll*, as well as the fact Idaho does not provide for such inferences and also prohibits prosecution for an alcohol concentration test of less than 0.08 unless the prosecutor can show evidence of drug influence. *Schmoll*, 144 Idaho at 804, 172 P.3d at 559 (citing I.C. § 18-8004(2), (3)). Nevertheless, even after noting that Montana and Idaho use the alcohol concentration test results

---

§ 39-08-01; 75 PA. CONS. STAT. § 3802; WASH. REV. CODE § 46.61.502; WYO. STAT. ANN. § 31-5-233.

[5] The statute has since been amended, albeit not substantively. 2013 MONT. LAWS Ch. 153.

differently, we concluded they both prohibited the same essential conduct--driving while under the influence of alcohol--and the Montana statute was substantially conforming. *Id*. at 804-805, 172 P.3d at 559-560. Further, as we noted in *Moore*, interpreting the substantially conforming requirement to mean that "another state's DUI statute may never encompass conduct that would not be illegal in Idaho," as argued by the defendant, "would deviate from the general thrust of *Schmoll* and I.C. § 18-8005([10]), as well as run counter to the legislature's clear intent evidenced by using the term 'substantially conforming,' as opposed to a dictate that the statutes be exactly the same." *Moore*, 148 Idaho at 898, 231 P.3d at 543. Quite simply, it is clear that a statute need not contain the same dictate found in section 18-8004(2) in order to be substantially conforming.[6] Rather, we focus on the fact that, like in *Schmoll* and *Moore*, the Nevada statute prohibits essentially the same conduct as Idaho's DUI statute--driving while under the influence of alcohol.

We have rejected both of Juarez's arguments as to why Nevada's DUI statute is not substantially conforming. Accordingly, the district court did not err in determining Nevada's statute could be utilized pursuant to section 18-8005(6) to enhance Juarez's DUI charge. Juarez's judgment of conviction for felony DUI is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**

---

[6] As the State notes, Idaho appears to be unique in including this prohibition from prosecution in its DUI statute. Thus, if we were find that a statute without this same prohibition is not substantially conforming, it would preclude the remaining jurisdictions' statutes from being considered substantially conforming pursuant to Idaho Code § 18-8005(6) and (10).

7