**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49823**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: October 3, 2023** |
| Plaintiff-Appellant, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| COLIN JAMES STAPLES, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order denying motion in limine, <u>reversed</u>; and <u>case remanded</u>.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for appellant. Kale D. Gans, argued.

Rude Law, PLLC; Michael L. Rude, Coeur d'Alene, for respondent. Michael L. Rude, argued.

_____

GRATTON, Judge

The State of Idaho appeals from the district court's order denying its motion in limine. The State charged Colin James Staples with indecent exposure under Idaho Code § 18-4116. The State filed a motion in limine requesting that the district court find that Spokane Municipal Code § 10.06.020, a lewd conduct statute under which Staples had been convicted, is similar to I.C. § 18-4116 for purpose of enhancing the indecent exposure charge to a felony. The district court found the code sections are not sufficiently similar and denied the motion in limine. As set forth below, the order denying motion in limine is reversed and the case is remanded for proceedings consistent with this opinion.

1

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

In September 2021, a report of an indecent exposure at a fast-food restaurant was received by the Coeur d'Alene Police Department. The manger informed police that a man at the drive-through window had exposed his penis to an employee. When the employee returned to the window a second time, the man's pants were pulled down exposing his penis. About a week later, the man returned to the drive-through and although employees did not observe an exposure on this occasion, they recognized him and contacted the police.

Officers stopped the man, later identified as Staples. When asked about the previous events, Staples denied having exposed himself. However, Staples explained that on a different occasion he pulled his pants down due to an itch. Staples agreed to an interview at the police station. During the interview, Staples mentioned a prior conviction in Washington involving public urination. Ultimately, officers concluded Staples' explanation of the drive-through events was unreasonable and confirmed he visited the fast-food restaurant through video surveillance. The State charged Staples with indecent exposure, I.C. § 18-4116.

The State filed an information alleging Staples was subject to a felony enhancement due to his violation of a similar statute in another state within five years. In 2020, Staples was convicted of violating Spokane's lewd conduct ordinance, Spokane Municipal Code (SMC) § 10.06.020. The State filed a motion in limine requesting that the district court find SMC § 10.06.020 is a similar statute to I.C. § 18-4116. The district court held a hearing on the State's motion in limine to determine if the felony enhancement applied. The parties stipulated to the authenticity of two Spokane Municipal Code ordinances submitted as exhibits. The district court compared SMC § 10.06.020 and I.C. § 18-4116, concluded the two sections were not sufficiently similar, and denied the State's motion in limine. The State timely appeals.

# II.

# STANDARD OF REVIEW

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to

2

be given its plain, obvious, and rational meaning.  *Burnight*, 132 Idaho at 659, 978 P.2d at 219.  If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation.  *Escobar*, 134 Idaho at 389, 3 P.3d at 67.  When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent.  *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001).  To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history.  *Id.*  It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity.  *Id.*  Constructions of an ambiguous statute that would lead to an absurd result are disfavored.  *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

**III.**

**ANALYSIS**

The State argues the district court erred in denying its motion in limine because I.C. § 18-4116 and SMC § 10.06.020 are similar and any differences are inconsequential.  Specifically, the State asserts the sections criminalize essentially the same conduct and that the sections do not need to be identical to satisfy the enhancement requirement.  Staples responds that the sections prohibit distinct conduct, the elements are substantially different, and the sections are not similar considering the entire statute.

Idaho Code § 18-4116 prohibits indecent exposure and includes a repeat offender felony enhancement provision:

> Every person who willfully and lewdly, either:
>     (1) Exposes his or her genitals, in any public place, or in any place where there is present another person or persons who are offended or annoyed thereby;
>     . . . .
>     Any person who pleads guilty to or is found guilty of a violation of subsection (1) or (2) of this section or a *similar statute in another state or any local jurisdiction* for a second time within five (5) years . . . is guilty of a felony . . . .

(Emphasis added.)  Idaho Code § 18-4116 does not define "similar," therefore, we look to dictionary definitions to provide the ordinary plain meaning.  *State v. Damiani*, 169 Idaho 348, 351, 496 P.3d 521, 524 (Ct. App. 2021).  The district court and both parties cited Merriam-Webster which defines "similar" as "1:  having characteristics in common:  strictly comparable, 2:  alike in

3

substance or essentials: corresponding." Similar, *Merriam-Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/similar (last visited July 26, 2023).[1]

At the time of Staples' conviction, SMC § 10.06.020, prohibiting lewd conduct, provided:

A.  It is unlawful for a person to intentionally perform any lewd act in a public place or at a place and under circumstances where such act could be observed by any member of the public.
B.  As used in this section a lewd act is:
    1. the touching, caressing or fondling of the genitals or female breast(s); or
    2. sexual intercourse; or
    3. masturbation . . . .

In comparing I.C. § 18-4116 with SMC § 10.06.020 the district court concluded that the two sections contain similar elements in (a) the performance of a lewd act, and (b) in public. However, the district court found that was "the extent of the similarity." The district court determined that the Spokane ordinance "has no 'exposure' element," "nor does it have any requirement that another person must be 'offended or annoyed' by the actions of the accused." The district court further found the Spokane ordinance "has a requirement that there must be some 'touching' of the genitals, which is not a requirement" in the Idaho statute. The district court concluded that the two code sections, while proscribing reprehensible behavior, are not sufficiently similar to allow the felony enhancement.

We compare each section's plain meaning and interpret each under the whole statutory scheme so that no words will be void, superfluous, or redundant. *State v. Wright*, 154 Idaho 157, 159, 295 P.3d 1016, 1018 (Ct. App. 2013); *see also Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 897, 265 P.3d 502, 510 (2011). "[U]ltimately our task is to interpret the statute not as a professor of English grammar would parse it but as the legislature intended it." *State v. Paciorek*, 137 Idaho 629, 632, 51 P.3d 443, 446 (Ct. App. 2002). When the legislature uses different language, a different meaning applies. *See State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004) ("Where a statute with respect to one subject contains a certain provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed.").

---

[1]  The State also provides another definition of similar: "having a likeness or resemblance, especially in a general way." Similar, DICTIONARY.COM, available at https://www.dictionary.com/browse/similar (last accessed 12/22/22).

A similar statute must have characteristics in common but I.C. § 18-4116 does not define the degree of similarity required. Courts compare statutes using the "substantially conforming" test in the driving under the influence (DUI) context. A substantially conforming statute does not require identical elements or exact correspondence. *State v. Juarez*, 155 Idaho 449, 453, 313 P.3d 777, 781 (Ct. App. 2013) (finding "a statute need not contain the same dictate . . . in order to be substantially conforming"); *State v. Moore*, 148 Idaho 887, 898, 231 P.3d 532, 543 (Ct. App. 2010) (concluding statutes may encompass different conduct because language does not dictate the statutes be exactly the same); *State v. Schmoll*, 144 Idaho 800, 803-04, 172 P.3d 555, 558-59 (Ct. App. 2007) (rejecting a comparison of the specific conduct and focusing on the elements). In the substantially conforming context for DUIs, statutes align when they prohibit essentially the same conduct--driving under the influence of alcohol. *Juarez*, 155 Idaho at 453, 313 P.3d at 781. A substantially conforming statute does not require the elements to strictly match and permits non-substantive differences so long as the substantive essence mirrors the Idaho statute. *Id.* at 452, 313 P.3d at 780. This Court in *Schmoll* found Black's Law Dictionary "defines substantially to mean '[e]ssential; without material qualification . . . in substance.' Conformity means '[c]orrespondence in . . . use; agreement; harmony; congruity.'" *Schmoll*, 144 Idaho at 804, 172 P.3d at 559. The "similar" statute provision does not require more than substantial conformity by its plain language. Similar is a lower threshold than substantially conforming.

The SMC § 10.06.020 prohibited lewd act subsection does not enumerate exposure as an element as does I.C. § 18-4116. Likewise, I.C. § 18-4116 does not require touching of the genitals as does SMC § 10.06.020. However, both require an intentional or willful mens rea; both prohibit lewdly exposing or lewd acts; and both proscribe acts in public or where others could observe. These common elements proscribe reprehensive public sexual behavior. "Although the statutes are phrased differently, they are not as substantively disparate as [Staples] argues." *Juarez*, 155 Idaho at 452, 313 P.3d at 780. Lewdly exposing genitals and lewd acts involving touching are not dissimilar in any meaningful way for purposes of the enhancement.

Lewd acts often include or imply exposure of some kind. Public exposure could encompass the inappropriate touching noted by the district court, as well as exposure associated with public sex and masturbation. The public element in SMC § 10.06.020 implicates a place and circumstances where the act could be observed by the public indicating the observable aspect of exposure. Thus, the sections prohibit like conduct which is all that is required under the similarity

5

threshold. The offense or annoyance element does not prevent Idaho's statute from being similar to SMC § 10.06.020 because it does not alter the substantive conduct or make the sections dissimilar. Statutes may encompass additional conduct not illegal in Idaho and nevertheless be similar. *See Moore*, 148 Idaho at 898, 231 P.3d at 543 (finding substantially conforming language requirement intentionally used as opposed to identical or exactly the same). Even if lewd acts reach beyond exposure, they share general commonalities and the differences do not make them dissimilar.

Comparing the prohibited conduct shows the two sections target similar behavior. Staples held his penis in public and was convicted under SMC § 10.06.020.[2] In this case, Staples exposed himself in a drive-through. Staples' conduct may have also been a prohibited lewd act under SMC § 10.06.020. The district court found "the two code sections proscribe what is reprehensible and offensive behavior" but erred in determining the degree of similarity required. Both generally target the same essential conduct, the public performance of lewd acts.

Lastly, the existence of another arguably more similar code section does not render the instant one dissimilar. Although Spokane's indecent exposure law, SMC § 10.06.025, closely mirrored I.C. § 18-4116, the similarity requirement is not exclusive. Staples argues similarity to a degree that would result in a stricter test than substantially conforming. That is not consistent with the plain language of the statute. The similarity requirement is met here where the substantive essence in common proscribe indecent public lewd behavior. Accordingly, we conclude that the district court erred by denying the State's felony enhancement and interpreting the I.C. § 18-4116 similar statute requirement.

## IV.

## CONCLUSION

The district court erred in denying the State's motion in limine. Therefore, the district court's order is reversed and the case is remanded for further proceedings consistent with this opinion.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

---

[2] During the course of the interview Staples mentioned a prior mishap of urinating in public but "that's not how it came out in court."