# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50509

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

TERRENCE ENGLE GLOVER,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: December 4, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Terrence Engle Glover appeals from his judgment of conviction for felony driving under the influence. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

During a traffic stop, Glover provided a breath alcohol sample which indicated he was driving under the influence. Glover was charged with operating a motor vehicle while under the influence of alcohol (DUI). The State then amended the complaint and charged Glover with felony DUI based upon his prior convictions within fifteen years. Glover moved to remand the case back to the magistrate court, arguing that there were no prior DUIs that would permit the enhancement of his current charge to a felony. Glover argued that the Oklahoma DUI statute he had previously

1

been convicted under did not substantially conform with Idaho's DUI statute. The district court denied Glover's motion, finding that Oklahoma's DUI statute was substantially conforming to Idaho's DUI statute. Glover subsequently entered a conditional guilty plea to felony DUI, I.C. § 18-8004(1)(a), reserving his right to appeal the denial of his motion to remand. Glover appeals.

## II.

## STANDARD OF REVIEW

Whether a foreign criminal violation is substantially conforming is a question of law to be determined by the court. I.C. § 18-8005(10). The construction and application of a statute is also a question of law. *State v. Juarez*, 155 Idaho 449, 451, 313 P.3d 777, 779 (Ct. App. 2013). Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

## III.

## ANALYSIS

Glover contends the district court erred in denying his motion to remand his felony DUI to magistrate court to be prosecuted as a misdemeanor because his previous DUI convictions under the Oklahoma statute do not substantially conform to Idaho's DUI statutes. Specifically, Glover argues there are five differences between Oklahoma's DUI statute and Idaho's DUI statute that make them substantively different. First, Glover argues that the Oklahoma DUI statute criminalizes driving, operating, or being in actual physical control of a motor vehicle while being under the influence, whereas Idaho's DUI statute does not include "operating" and only criminalizes driving and being in actual physical control of a motor vehicle while being under the influence. Second, the Oklahoma statute allows analysis of the motorist's blood, breath, saliva or urine, whereas the Idaho statute only authorizes analysis of blood, breath, or urine. Third, the Oklahoma statute requires that an evidentiary test be collected within two hours of the arrest for that test to be admissible, whereas Idaho has no similar requirement. Fourth, the Oklahoma statute criminalizes driving when a driver's blood alcohol concentration (BAC) is above 0.05 if there is also evidence that the person's ability to operate the vehicle was affected by alcohol to the extent that the person threatened public health and safety. However, the blood alcohol concentration threshold for prosecution in Idaho is above 0.08. Fifth, the Oklahoma statute criminalizes driving while having any amount of a Schedule 1 chemical or controlled substance in the driver's system,

2

whereas Idaho criminalizes driving while being under the influence of drugs or any other intoxicating substance. The State argues that the district court did not err in denying Glover's motion to remand after concluding that Oklahoma's DUI statute substantially conforms to Idaho's DUI statute for the purpose of the felony DUI enhancement. We hold that Oklahoma's DUI statute substantially conforms with Idaho's DUI statute and that Glover has failed to show the district court erred in denying his motion to remand.

A DUI charge may be enhanced from a misdemeanor offense to a felony offense if, within the past fifteen years, the defendant has pled guilty to or has been found guilty of a felony violation from another state that is substantially conforming to the provisions of I.C. § 18-8004. I.C. § 18-8005(9); *Juarez*, 155 Idaho at 450, 313 P.3d at 778. In determining whether a foreign DUI statute substantially conforms to Idaho's DUI statute, the focus of the comparison is on the elements of the respective statutes and not the specific conduct giving rise to the prior violation. *Juarez*, 155 Idaho at 451, 313 P.3d at 779. Substantial conformity does not require exact correspondence between the two statutes. *Id.* A foreign statute may be substantially conforming even though it encompasses conduct that would not be illegal in Idaho. *State v. Moore*, 148 Idaho 887, 898, 231 P.3d 532, 543 (Ct. App. 2010). Despite Idaho's statute requiring different BAC requirements than Oklahoma and other states, the statutes prohibit the same conduct--driving under the influence of alcohol. *See State v. Schmoll*, 144 Idaho 800, 804, 172 P.3d 555, 559 (Ct. App. 2007). Substantial conformity ultimately occurs when comparing whether both statutes prohibit the same essential conduct and frame their prohibitions using similar language. *Juarez*, 155 Idaho at 452, 313 P.3d at 780.

As noted, Glover has identified five differences between Idaho's statute and the Oklahoma statute pursuant to which he was previously convicted. Although the phrasing in the two statutes includes some differences, exact correspondence in language is not required. Thus, Glover's reliance on nonsubstantive language differences between the two statutes does not establish that the statutes are not substantially conforming.

Glover's reliance on the two-hour evidentiary testing period required for admissibility in Oklahoma, which does not exist in Idaho, is also not a substantive difference. *See Juarez*, 155 Idaho at 452, 313 P.3d at 780. The same is true for the differing BAC requirements between the

two statutes. Regardless of the number, the BAC element prohibits the same conduct--driving under the influence of alcohol as reflected by a certain alcohol concentration level.

Glover's final argument relying on the Oklahoma DUI statute's per se requirement for Schedule 1 drugs compared to Idaho's less specific drug-based DUI also fails because both statutes prohibit the same essential conduct. *See Juarez*, 155 Idaho at 453, 313 P.3d at 781. Additionally, both statutes frame their prohibition using similar language, making it clear that driving while under the influence is illegal. Glover has failed to show that the Oklahoma DUI statute is not substantially conforming to Idaho's DUI statute.

## IV.

## CONCLUSION

Glover has failed to show that Oklahoma's DUI statute is not substantially conforming with respect to Idaho's DUI statute for purposes of using a conviction pursuant to the Oklahoma DUI statute to enhance his DUI in Idaho. Accordingly, Glover's judgment of conviction for felony DUI is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

4