**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51062**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 10, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DARWIN NEZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Darwin Nez appeals from his judgment of conviction for felony driving under the influence (DUI). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Nez with DUI with a felony enhancement pursuant to I.C. § 18-8005(9) based on Nez's prior felony DUI conviction in Arizona within the last fifteen years. Nez's felony DUI conviction from Arizona was based on Arizona's general DUI statute, Arizona Revised Statute (A.R.S.) § 28-1381(A)(1), and A.R.S. § 28-1383(A)(1), which made the DUI a felony because it was committed while Nez's driver's license was suspended, revoked, or cancelled. In this case, Nez moved to strike the felony enhancement. Nez argued A.R.S. § 28-1383(A)(1) is not

1

substantially conforming to Idaho's DUI statute because it requires the DUI occur while the offender has a suspended, revoked, or cancelled driver's license and that Idaho's statute does not.[1] The district court denied Nez's motion, finding that Arizona's DUI statute is substantially conforming to Idaho's DUI statute. Nez appeals.

## II.

## STANDARD OF REVIEW

Whether a foreign criminal violation is substantially conforming is a question of law. I.C. § 18-8005(10). The construction and application of a statute is also a question of law. *State v. Juarez*, 155 Idaho 449, 451, 313 P.3d 777, 779 (Ct. App. 2013). Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

## III.

## ANALYSIS

A DUI charge may be enhanced from a misdemeanor offense to a felony offense if, within the past fifteen years, the defendant has pled guilty to or has been found guilty of a felony violation from another state that is substantially conforming to the provisions of I.C. § 18-8004. I.C. § 18-8005(9); *Juarez*, 155 Idaho at 450, 313 P.3d at 778. In determining whether a foreign DUI statute substantially conforms to Idaho's DUI statute, the focus of the comparison is on the elements of the respective statutes and not the specific conduct giving rise to the prior violation. *Juarez*, 155 Idaho at 451, 313 P.3d at 779. Substantial conformity does not require exact correspondence between the two statutes. *Id.* A foreign statute may be substantially conforming even though it encompasses conduct that would not be illegal in Idaho. *State v. Moore*, 148 Idaho 887, 898, 231 P.3d 532, 543 (Ct. App. 2010). The foreign statute substantially conforms with I.C. § 18-8004 if it prohibits the same essential conduct and uses similar language. *Juarez*, 155 Idaho at 452, 313 P.3d at 780.

---

[1] Nez acknowledges this Court's unpublished opinion in *State v. Shuck*, Docket No. 44043 (Ct. App. Oct. 20, 2016), which held that Arizona's DUI statute substantially conforms to Idaho's DUI statute. However, Nez argues that this Court reached that conclusion by erroneously considering A.R.S. § 28-1383 as an enhancement of A.R.S. § 28-1381, rather than a separate offense.

The Arizona DUI statute makes it unlawful for a person to: (1) operate a motor vehicle; (2) in the state; and (3) with a BAC of .08 or above within two hours of driving or being in actual physical control of the vehicle and the alcohol concentration results from alcohol consumed either before or while driving or being in actual physical control of the vehicle. Ariz. Rev. State. Ann. § 28-1381(A)(1). The Idaho DUI statute makes it unlawful to: (1) drive or be in actual physical control of the vehicle; (2) in the state; (3) upon a highway, street or bridge or upon public or private property open to the public; and (4) while having an alcohol concentration of .08 or more. I.C. § 18-8004.

On appeal, Nez asserts that his Arizona DUI conviction cannot be the basis for a felony enhancement in Idaho because A.R.S. § 28-1383(A)(1) is not substantially conforming to I.C. § 18-8004 and that there is no corresponding offense in Idaho's statutory scheme. Nez argues that this Court should overturn or abrogate the holding in *State v. Schmoll*, 144 Idaho 800, 172 P.3d 555 (Ct. App. 2007), and its progeny[2] to the extent that these cases allow any out-of-state felony DUI conviction to "substantially conform" for the purposes of I.C. § 18-8005(9), as long as the underlying out-of-state general DUI statute substantially conforms to I.C. § 18-8004. Nez contends that the language of I.C. § 18-8005(9) requires the comparison of the foreign felony statute and a felony DUI violation under Idaho law. However, Nez also acknowledges that I.C. § 18-8005(10) provides that, "for the purpose of subsections (4), (6) and (9) of this section" and the provisions of I.C. § 18-8004C, "a substantially conforming foreign criminal violation exists when a person has pled guilty to or has been found guilty of a violation of any federal law or law of another state or any valid county, city, or town ordinance of another state *substantially conforming to the provisions of*" I.C. § 18-8004 (emphasis added). Here, A.R.S. § 1381(A)(1) and I.C. § 18-8004 prohibit the same conduct and use substantially similar language.

Nez also argues that A.R.S. § 1383 is not an enhancement of A.R.S. § 1381(A)(1) but, rather, is a separate offense and accordingly cannot be substantially conforming to Idaho's DUI

---

[2]     *See Juarez*, 155 Idaho 449, 313 P.3d 777 (concluding that Nevada's DUI statute substantially complied with Idaho's DUI statute because it prohibited essentially the same conduct); *State v. Moore*, 148 Idaho 887, 231 P.3d 532 (Ct. App. 2010) (holding that North Dakota's DUI statute substantially complied with Idaho's DUI statute when focusing on the elements of the statute as opposed to the underlying conduct).

3

statute. Because A.R.S. § 1383 requires that a driver first violate Arizona's general DUI statute as a prerequisite to being charged with A.R.S. § 1383, we are unpersuaded by this argument.

In *Schmoll*, this Court held that I.C. § 18-8005(8) expressly provides the comparison is between I.C. § 18-8004 and the foreign state's statute for the corresponding DUI offense, not the enhancement. *Schmoll*, 144 Idaho at 805, 172 P.3d at 560. Accordingly, the determination of whether the Arizona DUI statute is substantially conforming to the Idaho DUI statute is independent from the consideration of whether the violation results in a misdemeanor or felony charge. The relevant question is whether the Arizona DUI statute is substantially conforming to the Idaho DUI statute. The district court did not err in determining that A.R.S. § 1381(A)(1) substantially conforms to I.C. § 18-8004 and finding that Nez's prior Arizona felony DUI conviction supported the enhancement under I.C. § 18-8005(9).

## IV.
## CONCLUSION

Nez has failed to show error in the district court's denial of his motion to strike his felony DUI enhancement. Accordingly, Nez's judgment of conviction for felony DUI is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.