**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51772**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 3, 2025** |
| Plaintiff-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| KEVIN ZACHARY MICHAELSON, | ) |
| | ) |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge. Hon. Michael Dean, Magistrate

Order granting motion in limine, <u>reversed</u> and <u>case remanded.</u>

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. T. Michael MacEgan argued.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for respondent. Kiley A. Heffner argued.

_____

GRATTON, Chief Judge

The State of Idaho appeals from the district court's memorandum decision on motion in limine and order to remand. The State contends the district court erred in finding that the California driving under the influence (DUI) statute is not substantially conforming to Idaho Code § 18-8004. We reverse and remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Kevin Zachary Michaelson was charged with felony DUI, I.C. §§ 18-8004, 8005(6); and driving without privileges, I.C. § 18-8001. The State alleged that Michaelson's DUI was a felony because he had pled guilty to or had been found guilty of at least two violations of I.C. § 18-8004 or a substantially conforming foreign statute within the previous ten years. I.C. § 18-8005(6). At

1

the preliminary hearing, the State presented evidence of Michaelson's prior DUI convictions in Idaho and California. The magistrate court bound over the case to the district court.

Michaelson filed a motion to dismiss[1] and motion in limine claiming that probable cause had not been established to charge a felony because the California DUI statute was not substantially conforming to the Idaho statute. The district court granted the motion in limine, concluding that the California DUI statute applies regardless of where the vehicle is driven, whereas the Idaho statute is limited to public property or property open to the public and, therefore, the California statute is not substantially conforming. The district court, therefore, reduced the charge from a felony to a misdemeanor and ordered remand to the magistrate court. The State appeals.

## II.

## STANDARD OF REVIEW

The determination of whether a foreign criminal violation is substantially conforming is a question of law to be determined by the court. I.C. § 18-8005(10). Idaho appellate courts exercise free review over the district court's substantially conforming determination. *State v. Juarez*, 155 Idaho 449, 451, 313 P.3d 777, 779 (Ct. App. 2013).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation

---

[1] The district court agreed with the State that the motion to dismiss was untimely under Idaho Criminal Rule 12(b). Michaelson does not appeal from the denial of the motion to dismiss.

which will not render it a nullity. *Id.* The construction of an ambiguous statute that would lead to an absurd result is disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

## III.

## ANALYSIS

The State claims the district court applied an incorrect legal standard in determining that the California and Idaho statutes are not substantially conforming. Specifically, the State contends the district court erred in applying a Fourth Circuit test, instead of Idaho's test, in determining that California's statute is not substantially conforming because the California statute applies to driving on private property[2] not open to the public, while Idaho's statute does not.

Any person convicted of an Idaho DUI "who previously has been found guilty of or has pled guilty to two (2) or more violations of" the Idaho DUI statutes "or any substantially conforming foreign criminal violation, or any combination thereof," "shall be guilty of a felony." I.C. § 18-8005(6). "[A] substantially conforming foreign criminal violation exists when a person has pled guilty to or has been found guilty of a violation of any" DUI law of another jurisdiction "substantially conforming to the provisions of section 18-8004, Idaho Code." I.C. § 18-8005(10).

California's DUI statute provides: "It is unlawful for a person who is under the influence of any alcoholic beverage to drive a vehicle." Cal. Veh. Code § 23152(a). Idaho's DUI statute provides, in relevant part: "It is unlawful for any person who is under the influence of alcohol . . . to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public." I.C. § 18-8004(1)(a). The State argues that both of these statutes "prohibit the same essential conduct--driving while under the influence of alcohol," which is the standard set forth in *State v. Schmoll*, 144 Idaho 800, 804, 172 P.3d 555, 559 (Ct. App. 2007). Further, the State argues that California's statute is substantially conforming to Idaho's DUI statute notwithstanding its applicability to DUI offenses on private property.

A substantially conforming statute does not require identical elements or exact correspondence. *Juarez*, 155 Idaho at 453, 313 P.3d at 781 (finding "a statute need not contain the same dictate . . . in order to be substantially conforming"); *State v. Moore*, 148 Idaho 887, 898,

---

[2]    *See, e.g., People v. Malvitz*, 11 Cal. App. 4th Supp. 9, 12,14 Cal. Rptr. 2d 698, 699-700 (Cal. App. Dep't Super. Ct. 1992) (California DUI statute applied to drunk driving in storage facility open only to tenants).

231 P.3d 532, 543 (Ct. App. 2010) (concluding statutes may encompass different conduct because language does not dictate the statutes be exactly the same); *Schmoll*, 144 Idaho at 803-04, 172 P.3d at 558-59 (rejecting a comparison of the specific conduct and focusing on the elements). In the substantially conforming context for DUIs, statutes align when they prohibit essentially the same conduct--driving under the influence of alcohol. *Juarez*, 155 Idaho at 453, 313 P.3d at 781. A substantially conforming statute does not require the elements to strictly match and permits nonsubstantive differences so long as the substantive essence mirrors the Idaho statute. *Id*. at 452, 313 P.3d at 780. This Court in *Schmoll* noted Black's Law Dictionary "defines substantially to mean '[e]ssential; without material qualification . . . in substance.' Conformity means '[c]orrespondence in . . . use; agreement; harmony; congruity.'" *Schmoll*, 144 Idaho at 804, 172 P.3d at 559.

The district court noted that in *Schmoll* this Court determined that substantial means "essential; without material qualification . . . in substance." The district court determined that, "the word material, when used in discussing a criminal statute, has a well-recognized definition: those facts it is necessary for the government to prove in order for the person to be guilty of that crime." Thus, the district court concluded that the definition used in *Schmoll* suggests that to be "material without qualification . . . in substance," the statutes must have the same elements. It appears that the district court's definition of "material" as equating to same elements derives from the district court's adoption of the test in *United States v. Thomas*, 367 F.3d 194 (4th Cir. 2004). Contrary to the district court's determination, this Court did not implicitly adopt the *Thomas* same elements test in *Schmoll*.

The district court applied the test from *Thomas* that "a statute is substantially similar if any actions violating the statute necessarily would violate [the other] statute as well." *Id*. at 198. In other words, the district court determined that "another state's statute is substantially similar to Idaho's if the other state's statute is an included offense of Idaho's statute." On the other hand, the district court determined that the inverse--that Idaho's statute cannot be an included "offense" of the foreign state's statute--cannot be the standard as it would lead to absurd results. The district court set out several hypotheticals and expressed concern that the foreign state's statute could "govern so much conduct" beyond Idaho's statute that the two statutes could not be substantially similar. Neither *Schmoll* nor its progeny supports the district court's analysis.

4

In *Schmoll*, this Court was tasked with determining "which factors to compare and the standard with which to compare them." *Schmoll*, 144 Idaho at 803, 172 P.3d at 558. The Court noted that "this is an issue of first impression in this state; thus, an examination of other jurisdictions that have considered the issue is instructive." *Id*. at 801, 172 P.3d at 556. The Court discussed the application of a similar test in various states including the test articulated in *Thomas*. The Court rejected the *Thomas* test, stating: "The standard the court declared itself to be using to compare these two statutes was 'substantially similar,' but the court applied this standard very narrowly by turning the comparison on the issue of the rebuttable presumption."[3] *Schmoll*, 144 Idaho at 802, 172 P.3d at 557. After comparing the approach in the various states, the *Schmoll* Court adopted a broader test than that in *Thomas*, holding:

> Although Idaho and Montana use the BAC test results differently, they both prohibit the same essential conduct--driving while under the influence of alcohol. Proving that a person is under the influence absent a BAC test requires a greater degree of impairment in Montana than in Idaho, since in Idaho, the ability to drive need only be impaired "to the slightest degree," while in Montana, the ability to drive "safely" is the quality that must be diminished. Impairment to the slightest degree is an equal or lesser standard than the diminished ability to drive safely test used by Montana; thus, Montana's higher standard surpasses the elements required for a violation in Idaho. These two statutes frame their prohibitions using the same language, requiring substantially conforming elements to be met to sustain a violation.

*Id*. at 804, 172 P.3d at 559. The Court specifically "declined" Schmoll's request to adopt the California standard that "a foreign conviction is recognized in California only if the conduct that violated the foreign statute also violates California's statute." *Id*. at 804-05, 172 P.3d at 559-60.

In *Schmoll*, the Montana statute was broader than Idaho's statute. Yet, the Court found substantial conformity where "[i]mpairment to the slightest degree [in Idaho] is an equal or lesser standard than the diminished ability to drive safely test used by Montana; thus, Montana's higher standard surpasses the elements required for a violation in Idaho." *Id*. at 804, 172 P.3d at 559. In this case, the California statute is broader than the Idaho statute in the sense that it includes driving under the influence on private property. We have specifically rejected the argument that such difference renders the statute not substantially conforming.

---

[3] The *Schmoll* Court noted that the *Thomas* Court held that "since Maryland's *per se* violation did not provide for a rebuttable presumption based on the blood alcohol concentration, the Maryland statute was deemed not to be substantially similar to the Virginia statute." *State v. Schmoll*, 144 Idaho 800, 802, 172 P.3d 555, 557 (Ct. App. 2007).

In *Moore*, this Court rejected the claim that "a foreign DUI statute may never encompass conduct that would not be illegal under Idaho's DUI scheme." Moore claimed:

> Although Mr. Moore was charged with being in actual physical control of a vehicle while under the influence in North Dakota, he might not have been guilty of driving or being in actual physical control of a vehicle while under the influence in Idaho because (1) Idaho's definition of actual physical control is much narrower, (2) *in North Dakota one can commit the offense on private property*, and (3) in North Dakota if the defendant's BAC is between .05 and the legal limit the defendant can still be prosecuted for driving or being in actual physical control while under the influence.

*Id*. at 897, 231 P.3d at 542 (emphasis added). Moore argued that to be substantially conforming, a foreign DUI statute may never encompass conduct that would not be illegal under Idaho's DUI scheme. The Court held that "such a strict interpretation would deviate from the general thrust of *Schmoll* and I.C. § 18-8005(8), as well as run counter to the legislature's clear intent evidenced by using the term 'substantially conforming,' as opposed to a dictate that the statutes be exactly the same." *Id*. at 898, 231 P.3d at 543. The Court concluded that the North Dakota statute was substantially conforming to the Idaho DUI statute. *Id*. In *Juarez*, we again rejected the argument that any DUI statute broader than Idaho's cannot be substantially conforming.

The district court posited the hypothetical of widely differing and broader foreign statutes ostensibly leading to absurd results if found to be substantially conforming and lamented that the *Moore* Court did not answer the question "when another state's statutes will govern so much conduct that would not be illegal in Idaho that the statutes cease to be substantially similar; they cease to be 'without material qualification . . . in substance.'" Consequently, the district court adopted a legal standard that any jurisdiction with DUI laws broader than Idaho's is not substantially conforming, a standard we rejected in *Schmoll*, *Moore*, and *Juarez*.

As noted, in *Schmoll* this Court applied the plain standard that if both statutes "prohibit the same essential conduct-driving while under the influence of alcohol," they are substantially conforming, without regard to unimportant additions or deletions as between the language of the statutes. *See Schmoll*, 144 Idaho at 804, 172 P.3d at 559. The district court opined that, "unfortunately, the Court of Appeals was not as explicit or precise with its reasoning as it might have been." The district court continued "the Court of Appeals in *Schmoll* failed to explicitly answer the question: How similar is similar enough?" The district court goes into a lengthy explanation of its reading of our cases and complains that we failed to explain the reasoning behind our conclusions, and that our decisions are "vague," and "imprecise." The district court recognized

6

the language noted above from *Schmoll* and other opinions, but muses that application of such a standard "would necessarily yield result [it] finds absurd," "especially in a state that professes libertarian values." Ultimately, the district court fuses its own analysis to conclude that, in actuality, this Court adopted (or should have adopted) the *Thomas* approach. Yet, plainly, in *Schmoll* we rejected the *Thomas* test and set out the test above. Again, stated plainly, California's statute is substantially conforming to Idaho's DUI statute notwithstanding its applicability to DUI offenses on private property. Both statutes "prohibit the same essential conduct-driving while under the influence of alcohol." *See Schmoll*, 144 Idaho at 804, 172 P.3d at 559. The district court erred in concluding the statutes are not substantially conforming.

## IV.

## CONCLUSION

The district court erred in holding that California's DUI statute is not substantially conforming to Idaho's DUI statute. Therefore, the district court's order granting Michaelson's motion in limine is reversed, the information is reinstated, and this case is remanded.

Judge LORELLO and Judge TRIBE **CONCUR**.

7